# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

JAMES A. FULLARD, SR.          *

Petitioner                     *

v                              *     Civil Action No. CCB-11-3573

STATE OF MARYLAND              *

Respondents                    *
                              ***

## MEMORANDUM

The above captioned petition for writ of error coram nobis was filed on December 13, 2011, together with a motion to proceed in forma pauperis. Because he appears indigent, petitioner's motion will be granted.

The self-represented petition appears to be an attempt by petitioner to revisit the merits of a prior case he filed in this court against a court reporter involved in his state criminal trial. *See Fullard v. Blackston*, Civil Action CCB-03-2869 (D. Md. 2003). Petitioner's claim is that the transcript of his guilty plea proceeding was intentionally altered to reflect a voluntary plea when in fact he objected to pleading guilty. A review of the docket in that case reveals the civil rights complaint seeking damages was dismissed when petitioner failed to supplement the complaint within the time frame set by this court. *Id*. at Docket 6. Subsequent to the dismissal petitioner filed three motions to alter or amend judgment and one motion to dismiss. *Id*. at Docket 7 – 10. On December 30, 2003, the motion to dismiss was construed as a motion to withdraw the pending motions to alter or amend and was granted. *Id*. at Docket 11.

A writ of error coram nobis is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice" or to correct errors "of the most fundamental character." *United States v. Morgan*, 346 U.S. 502, 511–12 (1954). The writ

addresses errors alleged in the context of a criminal conviction. Federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue. *See* 28 U.S.C. § 1651 (2006); *Morgan*, 346 U.S. at 512–13. Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). This extraordinary writ is used where "no other remedy may be available," and an "error of the most fundamental character" must have occurred. *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). Coram nobis relief may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. *Id.* The Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Carlisle*, 517 U.S. at 429 (quoting *United States v. Smith*, 331 U.S. 469, 475 n.4 (1947)) (alteration in original).

Federal courts lack jurisdiction under 28 U.S.C. § 1651(a) to alter the judgment of the state trial courts by way of coram nobis. This circuit and five other courts of appeals have addressed this question and have ruled that the district courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts. *See Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) ("Error coram nobis . . . cannot issue under the instant proceeding . . . for the judgments are not in the court which Thomas has petitioned."); *Finkelstein v. Spitzer*, 455 F.3d 131, 134 (2d Cir. 2006) ("[D]istrict courts lack jurisdiction to issue writs of coram nobis to set aside judgments of state courts."); *Obado v. New Jersey*, 328 F.3d 716, 718 (3rd Cir.2003) ("[C]oram nobis is not available in a federal court as a means of attack on a state criminal judgment."); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments.");

*Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) ("Lowery's counsel conceded that she had not found even one decision in the history of the United States using coram nobis to set aside a judgment rendered by another court."); *Booker v. Arkansas*, 380 F.2d 240, 244 (8th Cir. 1967) ("Relief by the writ . . . is available, if at all, only in the court which rendered the judgment under attack."), *abrogated on other grounds by, Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 488–89, 499–500 (1973); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) ("[U]se of the writ is limited by tradition and rule ... and cannot be used as a ... collateral writ of error between state and federal jurisdictions.").

To the extent petitioner is seeking a writ of error coram nobis in the context of the civil case filed in this court, the remedy is inapplicable to civil cases. To the extent petitioner is seeking a writ of error coram nobis in the context of his state criminal conviction, this court is without jurisdiction to issue the relief sought.[1]

A separate order dismissing the petition follows.

December 28, 2011 /s/
Date Catherine C. Blake
United States District Judge

---

[1] Notwithstanding the jurisdictional issue, petitioner is still serving the sentence for the conviction at issue and thus would not be entitled to seek coram nobis relief.